## LONG v. OLIVER.

A new trial should not be granted because of rejecting evidence offered by a defendant, when it is apparent from the record that the verdict against him was right, and that, even if this evidence had been admitted, the result ought not to have been otherwise.

Submitted March 27, — Decided April 24, 1899.

Illegality.    Before Judge Sheffield.    Randolph superior court.    July 5, 1898.

*James G. Parks*, for plaintiff in error.
*William C. Worrill*, contra.

LUMPKIN, P. J.    It appears from the record that Oliver sold and conveyed to Long a tract of land at the price of $2,000, receiving $700 of the purchase-money and taking a mortgage on the land to secure promissory notes for the balance due.    These notes were afterwards consolidated and a new note executed, the same being secured by a chattel mortgage.    Still later there was a rescission of the contract of sale, and subsequently thereto Oliver foreclosed the mortgage.    Long defended, and the only contested issue at the trial was whether Oliver took back the land at a fixed price of $1,300, or in full settlement of Long's indebtedness to him, which at the time of the rescission far exceeded that sum.    In regard to this matter Long, who was introduced as a witness in his own behalf, testified: "He [Oliver] never made any agreement only to take back the land.    He told me he would take back the land.    There was nothing said about the note, one way or the other.    He said he wanted me to make him a deed. . . I did not get the note, as Oliver was not present when I signed that deed.    When I saw him the next time, he asked me what I was going to do about the note.    I told him I thought it was settled.    He said he was going to foreclose.    He had the mortgage foreclosed."    The account given of the transaction in question by Oliver as a witness in his own behalf was as follows:    "When I bought the place back, I told Long I would give him credit for thirteen hundred dollars.    He made that deed for thirteen hundred dollars.    He agreed on that price.    He signed the deed.    He knew exactly what that deed was. . . I never told

him that I would give up the mortgage when he returned the land. There was no such contract. I told him I would not give up the paper until he paid me. . . I had refused to take back the land and give up the mortgage. Thirteen hundred dollars was the greatest amount I would allow him and take back the land. . . I told him I would give him $1,300 for the place, and he came back afterwards and made the deed. The account of $1,735 was the amount Long owed me," which included the balance of the purchase-price of the land. The deed referred to was also introduced in evidence. The consideration recited therein was $1,300. Although Long was then recalled to the stand, he did not undertake to swear to the truth of the allegation in his plea that Oliver had expressly agreed to take the land back in settlement of the entire indebtedness then outstanding and unpaid, but again testified only in general terms: "I wanted Mr. Oliver to take back the land because I was not making anything out of it and could not pay for it. I went to see him first. I did not know the consideration of the deed. The deed was not read to me. I can not read at all. I can write my name. I never knew what was in the deed. Oliver came to me and said he had taken the land [possession of which Long had previously abandoned]. He said, 'I sold it to you and gave you a deed. Now I have taken it back, and you give me a deed.' I said, 'If that is satisfactory, I will make you a deed.' He said, 'It is being written out, and you go to the bank and sign it.'"

In view of what appears above, it seems clear that, giving to Long's testimony that construction most favorable to him, Oliver merely agreed to a rescission of the contract of sale on the terms stated by him, to wit: that he would release Long from the payment of $1,300 and give him credit for that sum on the total amount of his indebtedness. In this connection, it should also be stated that Long really received the benefit of the $700 payment on the land, because it was admitted by him that he had held possession thereof and carried on his farming operations thereon for four years free of rent. We are therefore of the opinion that the verdict returned by the jury in favor of Oliver should be sustained.

The only special ground of the motion for a new trial filed by Long complains that the court erred in refusing to permit him to testify as to the nature and value of certain improvements he had placed upon the land while in possession of the same, this evidence being offered "to illustrate and sustain the contention of the defendant that Oliver could have well afforded to take back, and did in fact take back, the said land in full settlement of the balance due him by the said Long, and also to show that at the time Oliver took back said land the same was worth really more than when sold by him to Long." Doubtless this evidence would have been material had Long undertaken to swear positively and unequivocally that Oliver had, as matter of fact, really agreed to take back the land in full settlement of the entire indebtedness he held against Long; but in the absence of any evidence that such was the express agreement between the parties, it was utterly immaterial whether Oliver could or could not, because of the improvements placed on the land by Long during his occupancy thereof, "have well afforded to take back" the premises in full satisfaction of the whole amount due by the latter. Accordingly, we readily reach the conclusion that the trial judge committed no error in holding that a new trial should not be granted because of the exclusion of the testimony in question, it really having no practical bearing upon the contest between the parties as made at the trial, and being, in view of Long's own testimony, of no value or benefit to him whatever.     *Judgment affirmed. All the Justices concurring.*